******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., dissenting. I disagree with the majority that the clerical errors in the record of the present case require that we reverse the judgment of the trial court terminating the parental rights of the respondents, Morsy E. (father) and Natasha E., with respect to their minor children, Egypt E. and Mariam E. In my view, the majority is too quick to assume that the appeal rights of the respondents were implicated by those clerical errors. With the information we currently have available to us, it is not yet clear that the respondents have been prejudiced. We have the means to attempt to determine whether their appeal rights were affected, and we should use those means before reversing the trial court's judgment. Clarifying whether the errors affected the respondents' rights while retaining jurisdiction over the appeal accords the proper balance between the respondents' right to due process and the children's right to have an efficient and timely final judgment in this matter. Accordingly, I respectfully dissent.

The majority focuses on the absence of answers for the clerical errors in the record. I choose instead to focus on what we *do* know. The father filed with this court a motion for review of the trial court's June 9, 2016 articulation. It is undisputed that, in support of that motion, the father produced a copy of the trial court's signed June 1, 2015 order granting the motion of the petitioner, the Commissioner of Children and Families, that the petitioner was not required to make reunification efforts pursuant to General Statutes (Rev. to 2013) § 17a-111b (a) (1) and (b) (1) (B) on the basis of "the aggravated circumstance of severe physical abuse." It is also undisputed that the father provided no explanation whatsoever as to how and when he came to be in possession of this signed and dated order, which by his own admission was not in the copy of the trial court file that was certified by the trial court in this appeal. Finally, it is undisputed that the trial court, in its June 9, 2016 articulation, stated that it granted the petitioner's motion for a finding that no reunification efforts were required. If the father were not claiming on appeal that he did not receive notice of this order, I would conclude that the judgment of the trial court should be affirmed.

The father, however, does claim that he lacked notice of the June 1, 2015 order. Accordingly, I would remand the case to the trial court with direction to clarify whether it had provided such notice to the parties. See Practice Book § 60-2.[1] If the trial court were to respond that it had not provided such notice or that it was unable to confirm whether it had provided such notice, then— and only then—reversal would be required. If the trial court, however, were to issue an articulation confirming

that it had provided the parties with such notice, the record would be adequate for review, because the sole relevance of the clerical errors to any due process rights of the respondents is to the extent that notice is not clear, without an articulation by the trial court.[2]

This approach would be more consistent with this state's policy of resolving in as expeditious a manner as possible the question of whether a parent's rights should be terminated. See General Statutes § 46b-142 (d).[3] By reversing the trial court's judgment and remanding the case for a new trial, the majority risks unnecessary delay, inconsistent with this state's policy as expressly stated by the legislature in § 46b-142 (d). I finally observe that the mere fact that the majority states that the new trial is "to begin no later than September 15, 2016," does not ensure speedy resolution of this matter. It is not possible to predict what issues will arise on remand. For instance, the parties may request and be granted continuances, or unavoidable scheduling issues may create further delay. And once the trial court arrives at a final judgment, the appeals process will begin anew. The majority has prolonged this matter without first determining whether doing so is necessary.

Accordingly, I respectfully dissent.

[1] Practice Book § 60-2 provides in relevant part that with respect to an appeal before this court, the court may "on its own motion . . . (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

[2] I also observe that if the court deemed it advisable in order to ensure that the respondents suffered no prejudice, we could allow the parties to submit supplemental briefs addressing the effect of the court's June 1, 2015 order.

[3] General Statutes § 46b-142 (d) provides: "Notwithstanding subsections (a), (b) and (c) of this section, the Department of Children and Families, or any party to the action aggrieved by a final judgment in a termination of parental rights proceeding, shall be entitled to an expedited hearing before the Appellate Court. A final decision of the Appellate Court shall be issued as soon as practicable after the date on which the certified copy of the record of the case is filed with the clerk of the Appellate Court."